Kevin Soderstrom, Esq., NSB No. 10235
GHIDOTTI BERGER, LLP
7251 West Lake Mead Blvd. Suite 470
Las Vegas, NV 89128
Tel: (949) 427-2010
Fax: (949) 427-2732
bknotifications@ghidottiberger.com

Attorneys for Movant,
U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust, its successors and/or assigns

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA – LAS VEGAS DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD C RAYNOHA,<br><br>Debtor. | ) CASE NO.: 22-13869-mkn<br>)<br>) Chapter 13<br>)<br>) **MOTION FOR RELIEF FROM STAY (11**<br>) **U.S.C.** *Section* **362 Bankruptcy Rule 4001)**<br>)<br>)<br>) |

### I.    INTRODUCTION

**COMES NOW**, Secured Creditor, U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust, its successors and/or assigns ("**Movant**") and moves this Court for an order terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and statutory remedies incident to its security interest held in real property commonly described as 708 SALT FLATS CIR, HENDERSON, NV 89011 ("**Property**").  Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact Richard C. Raynoha ("**Debtor**") via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of

Movant's secured position.

Prior to the filing of the Motion for Relief from the Automatic Stay, counsel attempted to resolve the matter outside of court.  However, those attempts were not successful.

## II.    JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code ("**Code**"). This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III.    STANDING

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Movant is a "party in interest," it must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Movant's claim is based on the Note and Deed of Trust attached to the declaration of SN Servicing Corporation, in support of Movant's Motion for Relief from Stay, on file with the Court.  Movant's interest in the Note and Deed of Trust is described above.

The Deed of Trust acts as the security for the Debtor's payment on the Note. The Deed of Trust is recorded with the county in which the property is situated as evidence of the debt described in the Note for the benefit of any subsequent parties that may take an interest in the property described.

## IV.    INSTALLMENT DEFAULT

With respect to Movant's Deed of Trust, the following is now due:

| Number of Payments | Payment Amount | Total |
|---|---|---|
| 3 | $972.60 | $2,917.80 |
| **Total Default** | | **$2,917.80** |

///

///

///

Motion for Relief
Page 2

# V.    AUTHORITY

### A.    Cause Exists to Grant Relief Pursuant to Section 362(d)(1); Lack of Adequate Protection

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection.   Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note.  The Debtor has not made a mortgage payment since February 1, 2021 including after the bankruptcy filing on October 28, 2022.  A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp., 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also In re Jones, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing Hinkle, 14 BR at 204)).* The Debtor's failure to tender regular ongoing monthly mortgage payments is sufficient cause to terminate the automatic stay.  To note and as reflected in the NDC, Debtor has not tendered any payments to the Chapter 13 Trustee either.

### B.    Relief From the Co-Debtor Stay is Appropriate Pursuant to 11 U.S.C. Section 1301.

Sharon Raynoha signed both the Note and Deed of Trust together with Debtor and maybe defined as a "co-debtor" pursuant to 11 U.S.C §1301.  Movant requests relief from the co-debtor stay on the same terms for the same basis as to the Debtor.

# VI.    CONCLUSION

**THEREFORE**, Movant respectfully requests an Order be entered by this Court as follows:

1.  Terminating the automatic stay pursuant to 11 U.S.C. §362 allowing Movant to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interest held under its Note and Deed of Trust in the Property;

2.  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as

to the co-debtor, on the same terms and conditions as to the Debtor;

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

4. Granting Movant leave to foreclose on the Property and to enforce the security interest under the Note and Deed of Trust, including any action necessary to obtain possession of the Property; Permitting Movant to offer and provide Borrowers with information regarding a potential forbearance agreement, loan modification, refinance agreement, or other loan workout/loss mitigation agreement and to enter into such agreement with Debtor;

5. That the attorney's fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

6. For such other and further relief as the Court deems just and proper.

**GHIDOTTI BERGER, LLP**

DATED:  January 6, 2023

By: /s/  Kevin Soderstrom
Kevin Soderstrom, NSB No. 10235
Ghidotti Berger, LLP
Attorney for Movant

1  | Kevin Soderstrom, Esq., NSB No. 10235
2  | GHIDOTTI BERGER, LLP
   | 7251 West Lake Mead Blvd. Suite 470
3  | Las Vegas, NV 89128
   | Tel: (949) 427-2010
4  | Fax: (949) 427-2732
   | bknotifications@ghidottiberger.com

Attorneys for Movant,
U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust, its successors and/or assigns

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA – LAS VEGAS DIVISION

| In re: | ) | CASE NO.: 22-13869-mkn |
|---|---|---|
|  | ) |  |
|  | ) | Chapter 13 |
| RICHARD C RAYNOHA, | ) |  |
|  | ) | **DECLARATION IN SUPPORT OF** |
|  | ) | **MOTION FOR RELIEF FROM STAY (11** |
| Debtor. | ) | **U.S.C. *Section* 362 Bankruptcy Rule 4001)** |
|  | ) |  |
|  | ) |  |

I, _Kris Hunt_, declare and state as follows:

1.    I am over the age of eighteen years and not a party to this action. The facts set for the below are known to me personally based upon the review of the business records and I have first-hand knowledge of them. If called as a witness, I could and would testify competently under oath to such facts.

2.    I am a(n) _Bankruptcy Account Rep_, servicer for Secured Creditor, U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust, it successors and/or

Motion for Relief
Page 1

assigns ("**Movant**") and am familiar with the subject Deed of Trust and loan in favor of Movant, and the subject Bankruptcy case.

3.    I am familiar with the manner and procedure by which the records of Movant are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by employees or agents of Servicer in the performance of their regular business duties at or near the time, act, conditions, or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by person with such knowledge. It is my business practice to maintain these records in the regular course of business.

4.    Servicer has been responsible for the handling of all matters relative to the underlying loan prior to the filing of the within motion, including but not limited to processing of all payments received, crediting of received payments, adding all proper charges to the loan, confirming the maintenance of hazard insurance and property taxes, property preservation where appropriate, communicating with and responding to the borrower on all matters relative to the loan, and the commencement of non-judicial foreclosure proceedings where appropriate. All activities on the loan advanced by Servicer were advanced in accordance with the terms of the Note and Deed of Trust.

5.    On March 10, 2000, Richard C. Raynoha ("**Debtor**") and Sharon C. Raynoha ("**Co-Debtor**") executed a promissory note in the original principal amount of $118,650.00 ("**Note**") which was made payable to the order of GreenPoint Mortgage Funding, Inc. is in possession of the original Note, and the Note contains a blank endorsement from Lender. A true and correct copy of the Note is attached hereto as **Exhibit "A".**

6.    The Note is secured by a Deed of Trust ("**DOT**") encumbering real property located at 708 SALT FLATS CIR, HENDERSON, NV 89011 ("**Property**"). The DOT was recorded on March 16, 2000 in Clark county, state of Nevada, in Book # 20000316 as Instrument Number 01471. A true and correct copy of the DOT is attached hereto as **Exhibit "B".**

Motion for Relief
Page 2

7.      Movant is the current holder of the Note and beneficiary of the Deed of Trust. A true and correct copy of the Assignment(s) thereof is/are attached hereto as **Exhibit "C"**.

8.      On or around March 25, 2014, the terms under the Note and DOT were modified by a Loan Modification Agreement. The maturity date was changed to April 1, 2054. A true and correct copy of the Loan Modification is attached hereto as **Exhibit "D"**.

9.      The Debtor filed this subject bankruptcy petition on October 28, 2022.

10.     Pursuant to the terms of the Note and/or Deed of Trust, a payment received is applied to the account and credited to the next due payment.  For example, a payment received in December will be applied to the November payment if no payment had been received in November.

11.     As of the petition date, the loan is in the total amount of $173,558.78 with pre-petition arrearages in the amount of $20,896.36 consisting of missed monthly payments due from February 1, 2021 forward.

12.     With respect to Movant's Deed of Trust, the following is now due:

| Number of Payments | Payment Amount | Total |
|---|---|---|
| 3 (Nov, Dec 2022 and Jan 2023) | $972.60 | $2,917.80 |
| **Total Default** | | **$2,917.80** |

A true and correct copy of the post-petition payment history is attached to the Motion as **Exhibit "E"**.

13.     The sums set forth in this declaration do not include any late charges, escrow advances, or other fees and charges that might otherwise be included in the event that a payoff is requested or provided.

Motion for Relief
Page 3

14.    The next scheduled monthly payment of $972.60 is due on February 1, 2023 and will continue on the first of each month thereafter.  However, this amount may be subject to change pursuant to the terms of the applicable loan documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 12/30/22 (Date) _Eureka_ (City), _CA_ (State)

_____
Signature

_Kris Hunt_
Print Name

Motion for Relief
Page 4

NVB 4001 (Rev. 09/20)

## * * § 362 INFORMATION SHEET * *

RICHARD C RAYNOHA

22-13869-mkn

GB-1

DEBTOR
US Bank NA, et al

BK-

MOTION #:

CHAPTER: 13

MOVANT

### *Certification of Attempt to Resolve the Matter Without Court Action:*

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*
*Date:* _01/06/2023_                   *Signature:* _/s/ Kevin Soderstrom_
                                                    *Attorney for Movant*

Note for parties not represented by an attorney: Information about motions for relief from the automatic stay is available at the U.S. Bankruptcy Court's website: https://www.nvb.uscourts.gov/filing/filing-pro-se/legal-services/.

PROPERTY INVOLVED IN THIS MOTION: 708 SALT FLATS CIR, HENDERSON, NV 890
NOTICE SERVED ON:  Debtor(s) ☑ ; Debtor's counsel ☑ ; Trustee ☑ ;
DATE OF SERVICE:_____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st 173,558.78 | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| Per Schedule D: $405,000.00 | |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: $118,650.00 | . |
| Interest Rate: 9.625 | . |
| Duration: | . |
| Payment per Month: $972.60 | . |
| Date of Default: 11/1/22 | . |
| Amount in Arrears: $1,945.20 | . |
| Date of Notice of Default: 11/1/22 | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Kevin Soderstrom, Esq. | SUBMITTED BY:_____ |
| /s/ Kevin Soderstrom | SIGNATURE:_____ |

# EXHIBIT "A"

# NOTE

March 10, 2000                      Henderson                      Nevada
[Date]                              [City]                          [State]

708 Salt Flats Circle
Henderson, Nevada  89015
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 118,650.00      (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is

GreenPoint Mortgage Funding, Inc.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 9.625        %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the 1ST      day of each month beginning on May 1ST      2000       . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on April 1, 2030            , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 3459
New York, New York  10008-3459          or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,008.52

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000      % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC UNIFORM INSTRUMENT          Form 3200 12/83

-5P (9111).01
VMP MORTGAGE FORMS - (313)293-8100 - (800)521-7291

Page 1 of 2          Initials: *LCL S.C.L.*

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Richard C. Raynoha_ _____ (Seal)
Richard C Raynoha                                -Borrower

Sharon C Raynoha _____ (Seal)
                                                -Borrower

_Sharon C. Raynoha_ _____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

WITHOUT RECOURSE
PAY TO THE ORDER OF:

*(Sign Original Only)*

GreenPoint Mortgage Funding, Inc.

Jorge Malique, Assistant Secretary

# EXHIBIT "B"

20000316
01471

Assessor's Parcel Number:
161-35-617-029

Recording Requested By:

Recording requested by and mail to:
GreenPoint Mortgage Funding, Inc.
1100 Larkspur Landing Circle, Suite 101
Larkspur, California 94939

—————————————————— [Space Above This Line For Recording Data] ——

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on **March 10, 2000** . The grantor is
**Richard C Raynoha and Sharon C Raynoha, Husband and Wife**

("Borrower"). The trustee is **Marin Conveyance Corporation**
**1100 Larkspur Landing Circle, Suite 101, Larkspur, California 94939**

("Trustee"). The beneficiary is

**GreenPoint Mortgage Funding, Inc.**
which is organized and existing under the laws of **The State Of New York** , and whose
address is **1100 Larkspur Landing Circle, Suite 101, Larkspur, California 94939**
                                        ("Lender"). Borrower owes Lender the principal sum of

**One Hundred Eighteen Thousand Six Hundred Fifty and 00/100ths**

Dollars (U.S. $**118,650.00** ). This debt is evidenced
by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments,
with the full debt, if not paid earlier, due and payable on **April 1, 2030** . This Security Instrument
secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security
of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument
and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the

NEVADA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT
Form 3029 9/90
Amended 9/93
-6R(NV) (9905)      Initials: *RCR.SCR*
Page 1 of 8
VMP MORTGAGE FORMS - (800)521-7291      BBAT-85

20000316
.01471

County, Nevada:

following described property located in Clark
As more particularly described in Exhibit "A" attached hereto and made a part hereof.

APN: 161-35-617-029                                                    [Street],
which has the address of 708 Salt Flats Circle
                              [City], Nevada 89015          [Zip Code]  ("Property Address");
Henderson

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to

Initials: *PCR  S.L.*

-6R(NV) (9905)  BBAT-05                Page 2 of 8                Form 3029  9/90



20000316
.01471

Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

Initials: _RCR_ _S.CR._

20000316
01471

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the

Initials: _RCR_ _GRR_

-6R(NV) (9905)  BBAT-05                    Page 4 of 8                    Form 3029  9/90



sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

Initials: _PR SCR._

20000316
.01471

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the**

Initials: _RCR GCR_



right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, and without further demand, may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**22. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

**23. Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**24. Assumption Fee.** If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Adjustable Rate Rider   ☐ Condominium Rider   ☐ 1-4 Family Rider
☐ Graduated Payment Rider   ☒ Planned Unit Development Rider   ☐ Biweekly Payment Rider
☐ Balloon Rider   ☐ Rate Improvement Rider   ☐ Second Home Rider
☐ VA Rider   ☐ Other(s) [specify]

Initials: _RCR SCL_

Form 3029 9/90

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____          _Richard C. Raynoha_____ (Seal)
                                                                                       Richard C Raynoha                            -Borrower

_____          _Sharon C. Raynoha_____ (Seal)
                                                                                       Sharon C Raynoha                             -Borrower

_____ (Seal)          _____ (Seal)
                                                  -Borrower                                                                       -Borrower

_____ (Seal)          _____ (Seal)
                                                  -Borrower                                                                       -Borrower

_____ (Seal)          _____ (Seal)
                                                  -Borrower                                                                       -Borrower

STATE OF NEVADA
COUNTY OF Clark

This instrument was acknowledged before me on _March 13 2000_                                    by
Richard C Raynoha and Sharon C Raynoha

```
TAMARA G. PERRY
Notary Public - Nevada
No. 99-2504-1
My appt. exp. Jan. 20, 2003
```

My Commission Expires: 1 - 20 - 2003

VMP -6R(NV) (9905)    BBAT-05          Page 8 of 8          Form 3029   9/90

# EXHIBIT "C"

Inst #: 20160519-0002037
Fees: $18.00
N/C Fee: $0.00
05/19/2016 01:23:17 PM
Receipt #: 2769755
Requestor:
SERVICELINK TITLE AGENCY IN
Recorded By: SAO  Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

Assessor's/Tax ID No. 16135617029

Recording Requested By:
OCWEN LOAN SERVICING, LLC

When Recorded Return To:
OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID  83401

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Clark, Nevada**
**SELLER'S SERVICING #:**              "RAYNOHA"
**SELLER'S LENDER ID#: NCR11799.7**
**OLD SERVICING #: 100478502**

THE UNDERSIGNED DOES HEREBY AFFIRM THAT THIS DOCUMENT SUBMITTED FOR RECORDING DOES NOT CONTAIN PERSONAL INFORMATION ABOUT ANY PERSON.

Date of Assignment: March 23rd 2016
Assignor: GREENPOINT MORTGAGE FUNDING, INC. at 2505 W CHANDLER BLVD BUILDING D, CHANDLER, AZ 85224
Assignee: GMAC MORTGAGE CORPORATION at C/O OCWEN LOAN SERVICING, LLC., 1661 WORTHINGTON ROAD, STE 100, WEST PALM BEACH, FL  33409

Executed By: RICHARD C RAYNOHA AND SHARON C RAYNOHA, HUSBAND AND WIFE  To: GREENPOINT MORTGAGE FUNDING INC
Date of Deed of Trust:  03/10/2000 Recorded:  03/16/2000  in Book: 20000316 as Instrument No.: 01471  In the County of Clark, State of Nevada. Original Trustee: Marin Conveyance Corporation

Assessor's/Tax ID No. 161-35-617-029

Property Address: 708 SALT FLATS CIRCLE, HENDERSON, NV  89015

Legal:  NA

THE PURPOSE OF THIS CORRECTIVE ASSIGNMENT OF DEED OF TRUST IS TO CORRECT THE MORTGAGE RECORDING INFORMATION ON THE ASSIGNMENT RECORDED ON 12/22/2000 IN BOOK 20001222, INSTRUMENT NUMBER 03221.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust having an original principal sum of

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

$118,650.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Deed of Trust.

    TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

GREENPOINT MORTGAGE FUNDING, INC.
On 3/23/2016


By: _Teeasa, Gifford_
TEREASA GIFFORD, ASSISTANT VICE PRESIDENT


STATE OF ARIZONA
COUNTY OF MARICOPA

On 3/23/2016, before me, _Teresita Brooks_, a Notary Public in and for Maricopa County in the State of Arizona, personally appeared TEREASA GIFFORD, ASSISTANT VICE PRESIDENT of GREENPOINT MORTGAGE FUNDING, INC., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_Teresita Brooks_
Notary Expires: 9/12/2019

> TERESITA BROOKS
> NOTARY PUBLIC - ARIZONA
> Maricopa County
> My Commission Expires
> September 12, 2019

(This area for notarial seal)

Mail Tax Statements To: RICHARD RAYNOHA, 708 SALT FLATS CIRCLE, HENDERSON, NV 89015


*UT*UTGMAC*03/10/2016 10:03:22 AM* GMAC40GMACA00000000000004581171* NVCLARK*
████████ NVCLARK_TRUST_ASSIGN_ASSN * *LCBGMAC*

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:
GREENPOINT MORTGAGE FUNDING INC

12-22-2000 17:00   AND        2
BOOK  20001222  OFFICIAL RECORDS  03221
INST:
FEE:     8.00   RPT:          .00

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

GreenPoint Mortgage Funding, Inc.
1435 N Dutton Ave
Santa Rosa, CA 95401

## Corporation Assignment of Deed of Trust

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
GMAC Mortgage Corporation, A Pennsylvania Corporation with an office located at 3451 Hammond Avenue,
Waterloo, IA 50702

all beneficial interest under that certain Deed of Trust dated  March 10, 2000    executed by
Richard C Raynoha and Sharon C Raynoha, Husband and Wife                        , Trustor
                                                                                  Trustee

to Marco Conveyancing Corporation.

    and recorded as Instrument No.     7567333    on  03/03/2000  in book     8146
    page 1611                          of Official Records in the County Recorder's office of   Clark
    County   Nevada                                         describing land therein as:
    the more particularly described in Exhibit "A" attached hereto and made a part hereof.

Loan Amount  $ 118,650.00
APN #: 161-35-617-029
TOGETHER with the note or notes therein described or referred to, the money due and to become due
thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated  10/12/2000          GreenPoint Mortgage Funding Inc. formerly Headlands Mortgage Company

                           BY
                           Jan Reynolds, Vice President

State of:  California
County of:  SONOMA

    On  October 17, 2000      before me,   Joyce L Thomas, Notary Public
    personally appeared     Jan Reynolds, Vice President
    known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
    is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
    his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
    person(s) or the entity upon behalf of which the person(s) acted, executed the instrument
    WITNESS my hand and official seal

    Joyce L Thomas, Notary Public          (Seal)

JOYCE L THOMAS
Commission # 1305970
Notary Public - California
Sonoma County
My Comm. Expires Dec 24, 2002

I-0000393

8 AM
I

PREMIUM TITLE ISG
Recorded By: ECM  Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

APN #: 161-35-617-029
Prepared by:  David Santa / RS
When Recorded Mail To:
Mail Tax statements to:
Ocwen Loan Servicing, LLC
5720 Premier Park Dr.
West Palm Beach, FL 33407
Phone Number: 561-682-8835

## ASSIGNMENT OF DEED OF TRUST
### NEVADA

This **ASSIGNMENT OF DEED OF TRUST** from **GMAC MORTGAGE, LLC SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION**, whose address is c/o Ocwen Loan Servicing, LLC. 5720 Premier Park Dr, West Palm Beach, FL 33407 ("Assignor") to **OCWEN LOAN SERVICING, LLC**, whose address is 5720 Premier Park Dr, West Palm Beach, FL 33407 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors, transferees and assigns forever, in trust, all of the right, title and interest of said Assignor in and to the following deed of trust describing land therein, duly recorded in the Office of the County Recorder of CLARK County, State of NEVADA, as follows;

Trustor: **RICHARD C. RAYNOHA AND   SHARON C. RAYNOHA**
Trustee: MARIN CONVEYANCE CORPORATION
Beneficiary: GREENPOINT MORTGAGE FUNDING. INC.
Document Date: **MARCH 10, 2000**
Amount  $ 118,650.00
Date Recorded:  **MARCH 16, 2000**
Instrument:  20000316-01471
Property Address: 708 SALT FLATS CIRCLE, HENDERSON, NV 89015

*Property more particularly described in the above referenced recorded Deed of Trust*

GC

APN #: 161-35-617-029
Prepared by: David Santa / RS
When Recorded Mail To:
Mail Tax statements to:
Ocwen Loan Servicing, LLC
5720 Premier Park Dr.
West Palm Beach, FL 33407
Phone Number: 561-682-8835

This Assignment is made without recourse, representation or warranty.

DATED: _____ MAY 2 8 2014 _____ .

**GMAC MORTGAGE, LLC SUCCESSOR BY MERGER
TO GMAC MORTGAGE CORPORATION
BY IT'S ATTORNEY-IN-FACT
OCWEN LOAN SERVICING, LLC**

BY: _____
NAME: _____Gisele Cazeau_____
TITLE: Authorized Signer

STATE OF FLORIDA                    )
                                    )SS.
COUNTY OF PALM BEACH                )

        On _____ MAY 2 8 2014 _____ , before me, the undersigned, a Notary Public in and for said State, personally appeared _____Gisele Cazeau_____ Authorized Signer at OCWEN LOAN SERVICING, LLC. **ATTORNEY IN FACT FOR GMAC MORTGAGE, LLC SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument.

        Witness my hand and official seal

Notary Signature – _____Gwen Vaden_____



GWEN VADEN
Notary Public - State of Florida
My Comm. Expires Sep 18, 2016
Commission # EE 835963

Inst #: 20170207-0000874
Fees: $18.00
N/C Fee: $0.00
02/07/2017 08:00:39 AM
Receipt #: 3003287
Requestor:
SECURITY CONNECTIONS INC
Recorded By: RNS  Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

Assessor's/Tax ID No. 16135617029

Recording Requested By:
OCWEN LOAN SERVICING, LLC

When Recorded Return To:
OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID  83401

---

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Clark, Nevada**
**SELLER'S SERVICING #:**          "RAYNOHA"
**SELLER'S LENDER ID#:  DW SCI**
**OLD SERVICING #:**

THE UNDERSIGNED DOES HEREBY AFFIRM THAT THIS DOCUMENT SUBMITTED
FOR RECORDING DOES NOT CONTAIN PERSONAL INFORMATION ABOUT ANY
PERSON.

Date of Assignment: January 30th, 2017
Assignor: OCWEN LOAN SERVICING, LLC at 1661 WORTHINGTON ROAD, SUITE 100,
WEST PALM BEACH, FL  33409
Assignee: FEDERAL HOME LOAN MORTGAGE CORPORATION ("FREDDIE MAC"), A
CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED
STATES OF AMERICA at 8200 JONES BRANCH DRIVE, MCLEAN, VA  22102-3110

Executed By: RICHARD C RAYNOHA AND SHARON C RAYNOHA, HUSBAND AND
WIFE  To: GREENPOINT MORTGAGE FUNDING INC
Date of Deed of Trust:  03/10/2000 Recorded:  03/16/2000  in Book: 20000316 as Instrument No.:
01471  In the County of Clark, State of Nevada.

Assessor's/Tax ID No. 16135617029

Property Address: 708 SALT FLATS CIRCLE, HENDERSON, NV  89015

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the
receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto
the above-named Assignee, the said Deed of Trust having an original principal sum of
$118,650.00 with interest, secured thereby, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto
the said Assignee, the Assignor's interest under the Deed of Trust.

   TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said
*TSV*TSVGMAC*01/30/2017 09:57:59 AM* GMAC40GMACA000000000000(          ;*
NVCLARK*                NVCLARK_TRUST_ASSIGN_ASSN * DAW*DAWGMAC*

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

Assignee forever, subject to the terms contained in said Deed of Trust.  IN WITNESS
WHEREOF, the assignor has executed these presents the day and year first above written:

OCWEN LOAN SERVICING, LLC
On _____ **JAN 3 0 2017**


By: *Dawnette Massop*
____**Dawnette Massop**____
Servicing Operations Specialist


STATE OF _____**Florida**_____
COUNTY OF _____**Palm Beach**_____

On ____**JAN 3 0 2017**____, before me, *Brittany M. Harris*, a Notary Public in and for
____**Palm Beach**____ in the State of _____**Florida**_____, personally appeared
____**Dawnette Massop**____, Servicing Operations Specialist, personally known to me (or proved
to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/
their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.


WITNESS my hand and official seal,



Notary Expires: **SEP 1 8 2020**

Notary Public State of Florida
Brittany M Harris
My Commission GG 031112
Expires 09/18/2020

(This area for notarial seal)

Mail Tax Statements To: RICHARD RAYNOHA, 708 SALT FLATS CIRCLE, HENDERSON,
NV  89015

Inst #: 20190412-0000757
Fees: $40.00
04/12/2019 10:10:33 AM
Receipt #: 3682105
Requestor:
SECURITY CONNECTIONS INC
Recorded By: SOV  Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

Assessor's/Tax ID No. 16135617029

Recording Requested By:
OCWEN LOAN SERVICING, LLC

When Recorded Return To:
OCWEN LOAN SERVICING, LLC
1795 INTERNATIONAL WAY
IDAHO FALLS, ID  83402

## CORPORATE ASSIGNMENT OF DEED OF TRUST ⌒

**Clark, Nevada**
**SELLER'S SERVICING #:**          "RAYNOHA"
**SELLER'S LENDER ID#:  DP**

THE UNDERSIGNED DOES HEREBY AFFIRM THAT THIS DOCUMENT SUBMITTED
FOR RECORDING DOES NOT CONTAIN PERSONAL INFORMATION ABOUT ANY
PERSON.

Date of Assignment: April 5th, 2019
Assignor: FEDERAL HOME LOAN MORTGAGE CORPORATION BY ITS ATTORNEY IN
FACT OCWEN LOAN SERVICING, LLC at 1661 WORTHINGTON ROAD, SUITE 100,
WEST PALM BEACH, FL  33409
Assignee: NEW PENN FINANCIAL LLC DBA SHELLPOINT MORTGAGE SERVICING at 55
BEATTIE PLACE, SUITE 500, GREENVILLE, SC  29601

Executed By: RICHARD C RAYNOHA AND SHARON C RAYNOHA, HUSBAND AND
WIFE  To: GREENPOINT MORTGAGE FUNDING INC
Date of Deed of Trust: 03/10/2000 Recorded: 03/16/2000  in Book: 20000316 as Instrument No.:
01471  In the County of Clark, State of Nevada.

Assessor's/Tax ID No. 16135617029

Property Address: 708 SALT FLATS CIRCLE, HENDERSON, NV  89015

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the
receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto
the above-named Assignee, the said Deed of Trust having an original principal sum of
$118,650.00 with interest, secured thereby, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto
the said Assignee, the Assignor's interest under the Deed of Trust.

   TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said
Assignee forever, subject to the terms contained in said Deed of Trust.  IN WITNESS

*SSP*SSPGMAC*04/05/2019 10:16:01 AM* GMAC40GMACA000000000000C                    *
NVCLARK* NVCLARK_TRUST_ASSIGN_ASSN * CCC*ZAGMAC*

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

WHEREOF, the assignor has executed these presents the day and year first above written:

FEDERAL HOME LOAN MORTGAGE CORPORATION BY ITS ATTORNEY IN FACT
OCWEN LOAN SERVICING, LLC POA: 06/07/2016  as Instrument No.: 20160607-0002531
On ____APR 0 5 2019____

By: _____

Zorona Anderson ,
Servicing Operations Specialist

STATE OF ____Florida____
COUNTY OF ____Palm Beach____

On ____APR 0 5 2019____, before me, ____Ryan F. Rifflard____, a Notary Public in and for
____Palm Beach____ in the State of ____Florida____, personally appeared
____Zorona Anderson____, ____Servicing Operations Specialist____, personally known to me (or proved to
me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity, and that by his/her/their signature on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____

Ryan F. Rifflard
Notary Expires: 11/30/2021

Notary Public State of Florida
Ryan F Rifflard
My Commission GG 164353
Expires 11/30/2021

(This area for notarial seal)

Mail Tax Statements To: RICHARD RAYNOHA, 708 SALT FLATS CIRCLE, HENDERSON,
NV  89015

*SSP*SSPGMAC*04/05/2019 10:16:01 AM* GMAC40GMACA000000000000C       I*
NVCLARK* NVCLARK_TRUST_ASSIGN_ASSN * CCC*ZAGMAC*

GC

APN #: 161-35-617-029
Prepared by: David Santa / RS
When Recorded Mail To:
Mail Tax statements to:
Ocwen Loan Servicing, LLC
5720 Premier Park Dr,
West Palm Beach, FL 33407
Phone Number: 561-682-8835

This Assignment is made without recourse, representation or warranty.

DATED:    MAY  2 8 2014   .

**GMAC MORTGAGE, LLC SUCCESSOR BY MERGER
TO GMAC MORTGAGE CORPORATION
BY IT'S ATTORNEY-IN-FACT
OCWEN LOAN SERVICING, LLC**

BY:
NAME:    Gisele Cazeau
TITLE: Authorized Signer

STATE OF FLORIDA                    )
                                    )SS.
COUNTY OF PALM BEACH               )

On    MAY  2 8 2014    , before me, the undersigned, a Notary Public in and for said State, personally
appeared    **Gisele Cazeau**    Authorized Signer at **OCWEN LOAN SERVICING, LLC.**
**ATTORNEY IN FACT FOR GMAC MORTGAGE, LLC SUCCESSOR BY MERGER TO GMAC
MORTGAGE CORPORATION**, personally known to me to be the person whose name is subscribed to the within
instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her
signature on the instrument the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

Notary Signature –    **Gwen Vaden**



GWEN VADEN
Notary Public - State of Florida
My Comm. Expires Sep 18, 2016
Commission # EE 835963

Inst #: 20190829-0000227
Fees: $40.00
08/29/2019 08:03:39 AM
Receipt #: 3819168
Requestor:
SECURITY CONNECTIONS INC
Recorded By: MAYSM   Pgs: 1
**DEBBIE CONWAY**
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

**NEVADA**
COUNTY OF **CLARK**
LOAN NO.: 0578613293
PARCEL NO. 161-35-617-029

WHEN RECORDED MAIL TO: **FIRST AMERICAN MORTGAGE SOLUTIONS**
**1795 INTERNATIONAL WAY**
**IDAHO FALLS, ID 83402**
MAIL TAX STATEMENTS TO:
**U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF LODGE**
**SERIES IV TRUST**
**7114 E. STETSON DR., SUITE 250, SCOTTSDALE, AZ 85251**
RECORDING REQUESTED BY: **U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF LODGE SERIES IV**
**TRUST**
**7114 E. STETSON DR., SUITE 250, SCOTTSDALE, AZ 85251**

# CORPORATE ASSIGNMENT OF DEED OF TRUST

The undersigned does hereby affirm that this document, submitted for recording, does not contain the social security number of any person or persons. (per NRS 239B.030)

FOR VALUE RECEIVED, **NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING**, located at **55 BEATTIE PLACE SUITE 110 MS#001, GREENVILLE, SC 29601**, Assignor, does hereby grant, assign, and transfer unto **U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF LODGE SERIES IV TRUST**, located at **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, AZ 85251**, Assignee, its successors and assigns, all Assignor's rights, title and interest in and to that certain Deed of Trust dated **MARCH 10, 2000**, executed by **RICHARD C RAYNOHA AND SHARON C RAYNOHA, HUSBAND AND WIFE**, Trustor(s), to **MARIN CONVEYANCE CORPORATION**, Trustee(s), for the benefit of **GREENPOINT MORTGAGE FUNDING, INC.**, the Original Beneficiary, and recorded on **MARCH 16, 2000** as Instrument No. **20000316-01471** of the Official Records in the County Recorder's Office for **CLARK** County, State of **NEVADA**, describing the land therein as:

**AS DESCRIBED IN SAID DEED OF TRUST REFERRED TO HEREIN**

TOGETHER with all rights accrued or to accrue under said Deed of Trust.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed on
8/26/2019

**NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING**

_____
**STEPHANIE N. WESSEL, SUPERVISOR**

STATE OF **SOUTH CAROLINA**      COUNTY OF **GREENVILLE**     ) ss.
On 8/26/2019 , before me Sandra D McCoy , personally appeared **STEPHANIE N. WESSEL** known to me to be the **SUPERVISOR** of **NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING** the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

Sandra D McCoy (COMMISSION EXPIRES
06/07/2026 )
NOTARY PUBLIC

**SH8070117IM - AM - NV**

SANDRA D MCCOY
My Commission Expires
NOTARY PUBLIC
06-07-2026
STATE OF SOUTH CAROLINA

Page 1 of 1

Inst #: **20200218-0001299**
Fees: $42.00
02/18/2020 09:49:53 AM
Receipt #: 3991498
Requestor:
MERIDIAN ASSET SERVICES - A
Recorded By: RNS  Pgs: 2
**DEBBIE CONWAY**
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

**APN/PIN# 161-35-617-029**

_____ Space above for Recorder's use _____

Loan No: :

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE LODGE SERIES IV TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251,** (ASSIGNOR), does hereby grant, assign and transfer to **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES IV TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust: **3/10/2000**
Original Loan Amount: **$118,650.00**
Executed by (Borrower(s)): **RICHARD C RAYNOHA & SHARON C RAYNOHA**
Original Trustee: **MARIN CONVEYANCE CORPORATION**
Original Beneficiary: **GREENPOINT MORTGAGE FUNDING, INC.**
Filed of Record: In Book N/A, Page N/A
Document/Instrument No: **200003160001471** in the Recording District of **CLARK**, NV, Recorded on **3/16/2000**.

Property more commonly described as: **708 SALT FLATS CIRCLE, HENDERSON, NEVADA 89025**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **1/31/2020**

**US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE LODGE SERIES IV TRUST, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**

By: **JOSEPH DAY**                                         Witness Name: **DAVID SUNDWALL**
Title: **VICE PRESIDENT**

Freddie_May19  11216077

> A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of         **FLORIDA**
County of       **HILLSBOROUGH**

On **1/31/2020**, before me, **BRIAN FERRITO**, a Notary Public, personally appeared **JOSEPH DAY, VICE PRESIDENT** of/for **MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE LODGE SERIES IV TRUST**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify JOSEPH DAY, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): **BRIAN FERRITO**
My commission expires: **8/28/2023**

Brian Ferrito
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG355953
Expires 8/28/2023

Freddie_May19 11216077

EXHIBIT "D"

This document was prepared by: _____

After recording please return to: _____

THIS MODIFICATION IS TO BE EXECUTED IN DUPLICATE ORIGINALS. ONE ORIGINAL IS ~
ORIGINAL NOTE AND ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE THE SECURITY
INSTRUMENT IS RECORDED.

## LOAN MODIFICATION AGREEMENT

Ocwen Loan Servicing, LLC ("Ocwen") is offering you this Loan Modification Agreement ("Modification"), dated 3/25/2014, which modifies the terms of your home loan obligations as described in detail: the Mortgage, Deed of Trust, or Security Deed (the "Mortgage"), dated and recorded in the public records of Clark County, and the Note, of the same date and secured by the Mortgage, which covers the real and personal property described in the Mortgage and defined therein as the "Property", located at:

708 Salt Flats Cir

Henderson, NV 89015

NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.

1. The Borrower represents that the Borrower ☒ is, ☐ is not, the occupant of the Property.

2. The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses, in the total amount of  $15,946.98, have been added to the indebtedness under the terms of the Note and Security Instrument. As of 3/25/2014 the amount, including such amounts which have been added to the indebtedness (if any), payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S.  $168,296.93.

3. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the Unpaid Principal Balance has been paid. Upon Modification, the annual rate of interest charged on the unpaid principal balance of your loan will be  4.625%. This rate will remain in effect until the maturity date of your loan, which is 4/1/2054. This date may have been extended and may be different than your original maturity date. The Borrower promises to make monthly payments of principal and interest of U.S.  $ 770.18, beginning on the 5/1/2014, and continuing thereafter on the same day of each succeeding month. If on 4/1/2054 (the "Modified Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification, the Borrower will pay these amounts in full on the Modified Maturity Date. The Borrower will make such payments at OCWEN LOAN SERVICING, LLC ATTN: CASHIERING DEPARTMENT 1661 Worthington Road, Suite 100 West Palm Beach, FL 33409 or at such other place as the Lender may require.

4. Except to the extent that they are modified by this Modification, the Borrower will comply with all of the covenants, agreements, and requirements of the Note and the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

5. Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the parties will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

6. You agree to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which if approved and accepted by Ocwen will bind and inure to your heirs, executors, administrators, and assigns.

7. Corrections and Omissions. You agree to execute such other and further documents as may be reasonably necessary to consummate the transactions contemplated herein or to perfect the liens and security interests intended to secure the payment of the loan evidenced by the Note.

8. If one or more riders are executed by the Borrower and recorded together with this Modification, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Modification as if the rider(s) were a part of this Modification.
   - ✔ 1-4 Family Rider — Assignment of Rents
   - ✔ Modification Due on Transfer Rider
     Bankruptcy Rider
     Other rider

☐ *If this box is checked, Borrower(s) signature must be notarized.*

In Witness Whereof, the Servicer and I have executed this Agreement.

Sign Here → *Richard C Raynoha*                    5 / 13 / 14    Date
Richard C Raynoha

State of NV                                     )
County of Clark                                )
On May 13, 2014        before me, Nicole DiMuro                    personally appeared
Richard C. Raynoha                    , who proved to me on the basis of satisfactory evidence to be the
person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her
authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of NV that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature *Nicole DiMuro*            (Seal)
Print Name: Nicole DiMuro
Commission expiration date 5 / 13 / 2017

Personally Known_____ OR Produced Identification __✓__
Type of Identification Produced Nevada Driver's License

Sign Here → *Sharon C Raynoha*                    5 / 13 / 14    Date
Sharon C Raynoha

State of NV                                     )
County of Clark                                )
On May 13, 2014        before me, Nicole DiMuro                    personally appeared
Sharon C. Raynoha                    , who proved to me on the basis of satisfactory evidence to be the
person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her
authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of NV that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.
Signature *Nicole DiMuro*            (Seal)
Print Name: Nicole DiMuro
Commission expiration date 5 / 13 / 2017

Personally Known_____ OR Produced Identification __✓__
Type of Identification Produced Nevada Driver's License

**\*All individuals on the title (even if not a borrower on the note) must sign this agreement. If there are more than two title holders to this property, please have them sign below. If no other title holders exist, please leave page 6 blank and return it with the rest of the agreement.**

In Witness Whereof, the Servicer and I have executed this Agreement.

Sign Here → _____        _____/_____/_____ Date

State of NV                                    )
County of _____ )
On _____ before me, _____personally appeared
_____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her
authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of NV that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.
Signature _____ (Seal)
Print Name:_____
Commission expiration date____/____/_____

Personally Known_____ OR Produced Identification_____
Type of Identification Produced_____

---

Sign Here → _____        _____/_____/_____ Date

State of NV                                    )
County of _____ )
On _____ before me, _____personally appeared
_____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her
authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of NV that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)
Print Name:_____
Commission expiration date____/____/_____

Personally Known_____ OR Produced Identification_____
Type of Identification Produced_____

_____
Servicer
_____
MAY   2 8 2016
Date

By _____
Gisele Cazeau
Servicing Operations Specialist

If applicable: _____
Mortgage Electronic Registration Systems, Inc. – Nominee for Service

## 1-4 Family Modification Agreement Rider Assignment of Rents

THIS 1-4 FAMILY MODIFICATION AGREEMENT RIDER ASSIGNMENT OF RENTS ("1-4 Family Rider") effective 3/25/2014, is incorporated into that certain Loan Modification Agreement (the "Modification") of the same date made by Richard C Raynoha Sharon C Raynoha   (the "Borrower") and is incorporated into and amends and supplements the Security Instrument executed by Borrower to secure the Note. The Security Instrument covers the Property as defined and described in the Security Instrument and located at:

708 Salt Flats Cir,
Henderson, NV 89015

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.  ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT:** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on leasehold) is referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B.  USE OF PROPERTY AND COMPLIANCE WITH LAW:** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C.  SUBORDINATE LIENS:** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D.  RENT LOSS INSURANCE:** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5 of the Security Instrument.

**E.  "BORROWER'S RIGHT TO REINSTATE" DELETED:** Uniform Covenant 18 of the Security Instrument is deleted.

**F.  BORROWER'S OCCUPANCY:** Unless Lender and Borrower otherwise agree in writing, the first sentence in Uniform Covenant 6 of the Security Instrument concerning Borrower's occupancy of the Property is deleted. All remaining covenants and agreements set forth in Uniform Covenant 6 of the Security Instrument shall remain in effect.

**G.  ASSIGNMENT OF LEASES:** Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H.  ASSIGNMENT OF RENTS, APPOINTMENT OF RECEIVER AND LENDER IN POSSESSION:** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sum secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those rents

actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents, any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7 of the Security Instrument.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I.  CROSS-DEFAULT PROVISION:** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

**J.  PRIOR ASSIGNMENT OF RENTS:** This 1-4 Family Rider supersedes the provisions of any previous 1-4 Family Rider Assignment of Rents (a "Previous Assignment") executed by Borrower pertaining to the Property. If a Previous Assignment has been executed by the Borrower, then the assignment and lien granted in the assignment of Rents contained in Paragraph H of this 1-4 Family Rider shall relate back in time to the date and priority of any such Previous Assignment.

**K.  CAPITALIZED TERMS:** Capitalized terms used in this 1-4 Family Rider shall have the meanings ascribed to them in the Modification except as otherwise specifically set forth in this 1-4 Family Rider.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

Ocwen Loan Servicing, LLC

Gisele Cazeau          MAY  2 8 2014
By:  Servicing Operations Specialist

Richard C Raynoha

Sharon C Raynoha

**Modification Due on Transfer Rider**

THIS MODIFICATION DUE ON TRANSFER RIDER, effective 3/25/2014, is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by Richard C Raynoha Sharon C Raynoha   (the "Borrower") and **Ocwen Loan Servicing, LLC** (the "Lender") covering the Property described in the Loan Modification Agreement located at:

708 Salt Flats Cir,<br>Henderson, NV 89015.

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

A.  Notwithstanding any other covenant, agreement or provision of the Note and Security Instrument, as defined in the Loan Modification Agreement, the Borrower agrees as follows:

> **Transfer of the Property or a Beneficial Interest in Borrower**. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment-in-full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of the Loan Modification Agreement.

> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

B.  Except as otherwise specifically provided in this Modification Due On Transfer Rider, the Loan Modification Agreement, the Note and Security Instrument will remain unchanged and in full effect.

Ocwen Loan Servicing, LLC

Gisele Cazeau        MAY  2 8 2014
Servicing Operations Specialist

By:

Richard C Raynoha

Sharon C Raynoha

EXHIBIT "E"

| Docket # | 22-13869-mkn |
|---|---|
| Debtors: | RICHARD C RAYNOHA |
| BK Filed: | 10/28/2022 |
| First Post Payment Due: | 11/1/2022 |

| Current Post Due Date: | 11/1/2022 |
|---|---|
| Current Post Due Amount: | $2,917.80 |

| Payment Received Date | Payment Received Amount | Trustee Payment | Applied to Post Due Date | Applied to Post Due Amount | Suspense | Scheduled Post Due Date | Scheduled Post Due Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | 11/1/2022 | $972.60 |
| | | | | | | 12/1/2022 | $972.60 |
| | | | | | | 1/1/2023 | $972.60 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Totals: | $0.00 | $0.00 | | $0.00 | $0.00 | | $2,917.80 |

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On January 6, 2023, I served the following documents:

**MOTION FOR RELIEF FROM STAY, DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM STAY, 362 INFORMATION SHEET AND EXHIBITS**

By the following means to the persons as listed below:

a.   ECF System

**Counsel For Debtor:**
MARK COBURN                bk@halfpricelawyers.com

**Ch. 13 Trustee:**
RICK A. YARNALL            ecfmail@LasVegas13.com

b.   United States mail, postage fully prepaid

**Debtor**:
RICHARD C RAYNOHA
708 SALT FLATS CIRCLE
HENDERSON, NV 89011

**Co-Debtor:** (if applicable)
Sharon Raynoha
708 SALT FLATS CIRCLE
HENDERSON, NV 89011

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  January 6, 2023            By:   */s/ Michaela Rice*
                                          Michaela Rice